IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JASON WATSON, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

MURPHY OIL USA, INC.

        Defendant.

Case No. _____

CLASS ACTION
STATUS REQUESTED

---

**CLASS ACTION COMPLAINT**

---

NOW INTO COURT comes the Plaintiff, Jason Watson ("Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned attorneys, and brings this action for breach of contract, unjust enrichment, money had and received, and declaratory relief against Murphy Oil USA, Inc. ("Murphy"). This Class Action Complaint is alleged upon information and belief, except as to those allegations which pertain to the named Plaintiff, which are alleged based on the Plaintiff's personal knowledge.

**NATURE OF ACTION**

1. Approximately eighteen percent (18%) of all new cars require premium motor fuel,[1] and there are over two thousand different types of cars sold annually for which the manufacturer

---

[1] Norman Mayerson, *Putting Premium Gas in an Engine That Requires Regular? Stop It Now*, The New York Times (Apr. 11, 2019), https://www.nytimes.com/2019/04/11/smarter-living/premium-gas-worth-it-octane-summer-ethanol.html.

1

recommends that drivers use premium motor fuel.[2]

2. Murphy owns and operates more than 1,700 gas stations.[3]

3. This action seeks redress for customers from Tennessee, Alabama, Arkansas, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, Ohio, Oklahoma, South Carolina, Texas, Utah, and Virginia that paid Murphy to fill their cars with premium motor fuel ("Premium Customers") immediately after a Murphy customer purchased lower-grade motor fuel from the same single-nozzle fuel dispensing system.

4. Murphy gas stations are equipped with single-nozzle fuel dispensing systems that allow customers to select between three grades of motor fuel: premium, mid-grade, and regular.

5. Premium motor fuel is more expensive than regular and mid-grade motor fuel.

6. The price differential between premium motor fuel and regular motor fuel has increased over the last seven years; in 2016 the average difference between regular and premium was 47 cents per gallon, and by May 2022, the average difference was 75 cents per gallon.[4] At Murphy's gas station located at 780 South Jefferson, Cookeville, Tennessee 38501, the price differential between regular and premium motor fuel was 70 cents on June 12, 2023.

---

[2] *Premium Fuel Recommended*, Edmunds.com, https://static.ed.edmunds-media.com/unversioned/img/pdf/premium.gasoline/premium.fuel.recommended.101918.pdf (last accessed Mar. 9, 2023).

[3] *Home*, Murphy USA, https://www.murphyusa.com/murphyusa/home (last accessed June 2, 2023).

[4] Meghan Bragg, *VERIFY: The price difference in gas grades,* WCNC-TV (June 20, 2022), https://www.wcnc.com/article/news/verify/gas-verify-money-charlotte-wake-up-nc/275-79caa501-d631-431d-92cf-48389635bcea.

7. Premium Customers like Plaintiff agreed to pay Murphy the higher price per gallon for premium motor fuel with the understanding that they were receiving premium motor fuel from Murphy in return.

8. But that is not what happened. Instead, when Premium Customers selected the premium option at Murphy's gas stations, the first gallon of fuel that was pumped into their cars regularly contained a significant amount of regular or mid-grade motor fuel. Premium Customers, therefore, regularly paid the premium motor fuel price for a gallon that contained a significant amount of lower-grade motor fuel.

9. The reason for this disparity between what Premium Customers paid Murphy for and what they received in return is as follows. The single-nozzle fuel dispensing systems that Premium Customers used were regularly used previously by Murphy customers that filled their cars with regular or mid-grade motor fuel. In that event, Murphy's pumps retained a residual amount of motor fuel – typically one third of a gallon – that became part of the first gallon of motor fuel pumped into Premium Customers' cars.

10. Given that approximately seventy percent (70%) of cars require regular motor fuel,[5] during the Class Periods, defined infra at ¶ 28, Premium Customers regularly paid the premium price for the first gallon of motor fuel for which they did not receive a gallon of premium motor fuel in return.

11. Murphy has known for years that it was retaining the benefit of selling regular or mid-grade motor fuel for the price of premium motor fuel at the expense of its Premium Customers. Plaintiff and the Classes, defined infra at ¶ 28, were unaware that they were paying Murphy the

---

[5] Samantha Herrera, *AAA says US drivers waste $2.1 billion on premium gasoline every year*, KSL Newsradio 102.7FM 1160AM (Mar. 7, 2022), https://kslnewsradio.com/1965105/aaa-says-us-drivers-waste-2-1-billion-on-premium-gasoline-every-year/.

premium motor fuel price for lower-grade motor fuel, and expect the return of their money plus interest.

12. This action is brought by Plaintiff to remedy this wrong.

13. Plaintiff, on behalf of himself and others similarly situated, brings a cause of action for declaratory relief and brings causes of action, each in the alternative, for breach of contract, unjust enrichment, and money had and received against Murphy to recover the difference between the price of premium motor fuel and the concurrent price of lower-grade motor fuel for the amount of residual motor fuel that was retained in the pump from a prior, non-premium customer.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1332(d), in that the claims are asserted on behalf of the Classes, and the matter or controversy exceeds the sum of $5 million, exclusive of interests and costs, and some members of the proposed Classes are citizens of a state different from Murphy.

15. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

16. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)-(d), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Murphy resides in, is licensed to do business in, does business in, has agents in, or is found or transacts business in, this District.

## PARTIES

17. Plaintiff is and at all times material was a resident of Putnam County, Tennessee. Plaintiff's car requires premium motor fuel.

18. Murphy is incorporated in Delaware and has its principal place of business in Arkansas.

## FACTUAL ALLEGATIONS

19. Murphy owns and operates more than 1,700 gas stations that are located in the following states: Tennessee, Alabama, Arkansas, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, Ohio, Oklahoma, South Carolina, Texas, Utah, Virginia.[6]

20. On June 8, 2023, Plaintiff drove to a Murphy gas station located at 780 South Jefferson, Cookeville, Tennessee 38501 where Murphy offered the following prices per gallon for motor fuel: premium was $3.779 per gallon, and, on information and belief, regular motor fuel was $3.079 per gallon.

21. Plaintiff inserted his credit card into Murphy's single-nozzle fuel dispensing system and selected premium motor fuel.

22. Plaintiff inserted the single-nozzle into his car and pumped motor fuel into his car's fuel tank.

23. Plaintiff's credit card was charged $61.15, which Murphy represented was based on his pumping 16.182 gallons of premium motor fuel into his car. A copy of the receipt that Plaintiff received is shown below:

---

[6] *Home*, Murphy USA, https://www.murphyusa.com/murphyusa/find-a-store (last accessed June 2, 2023).



24. But Plaintiff did not receive the 16.182 gallons of premium motor fuel for which he paid Murphy.

25. Plaintiff purchased premium motor fuel from Murphy directly after the prior customer had, using the same single-nozzle fuel dispensing system, pumped regular motor fuel. When Plaintiff selected the premium option and began pumping motor fuel into his car, the pump hose and dispensing nozzle contained a residual volume of regular motor fuel from the prior customer which then became part of the first gallon of motor fuel pumped into Plaintiff's car.

26. Therefore, Plaintiff paid Murphy $3.779 for this first gallon of motor fuel when he should have paid less because that gallon contained a significant amount of lower-priced, lower-grade motor fuel.

27. Murphy is aware that it overcharges Premium Customers like Plaintiff whenever they fill their cars at Murphy gas stations when the prior customer that used the same single-nozzle fuel dispensing system filled his or her car with lower-grade motor fuel. Murphy could easily refund Premium Customers the difference between what they paid for and what they received in return. No federal, state, or local statute or regulation, including the Petroleum Marketing Practices Act prevents Murphy from doing so. Murphy has made a business decision to retain the overcharge as a profit as opposed to refunding the same to Premium Customers.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself, and as a class action under Federal Rule of Civil Procedure 23, on behalf of the members of the following classes:

- Tennessee class: All persons in Tennessee who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Alabama class: All persons in Alabama who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Arkansas class: All persons in Arkansas who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Colorado class: All persons in Colorado who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Florida class: All persons in Florida who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Georgia class: All persons in Georgia who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Illinois class: All persons in Illinois who, between June 16, 2018 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1)

such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Indiana class: All persons in Indiana who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Iowa class: All persons in Iowa who, between June 16, 2013 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Kansas class: All persons in Kansas who, between June 16, 2013 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Kentucky class: All persons in Kentucky who, between June 16, 2018 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior

customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Louisiana class: All persons in Louisiana who, between June 16, 2013 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Michigan class: All persons in Michigan who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Minnesota class: All persons in Minnesota who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Mississippi class: All persons in Mississippi who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Missouri class: All persons in Missouri who, between June 16, 2018 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Nebraska class: All persons in Nebraska who, between June 16, 2015 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Nevada class: All persons in Nevada who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- New Jersey class: All persons in New Jersey who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- New Mexico class: All persons in New Mexico who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card

- where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- North Carolina class: All persons in North Carolina who, between June 16, 2020 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Ohio class: All persons in Ohio who, between June 16, 2017 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Oklahoma class: All persons in Oklahoma who, between June 16, 2018 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- South Carolina class: All persons in South Carolina who, between June 16, 2020 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the

prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Texas class: All persons in Texas who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Utah class: All persons in Utah who, between June 16, 2019 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

- Virginia class: All persons in Virginia who, between June 16, 2018 and June 16, 2023, purchased premium motor fuel from Murphy with a credit card or debit card where (1) such persons used a single-nozzle fuel dispensing system, and (2) the prior customer that used the same single-nozzle fuel dispensing system purchased regular or mid-grade motor fuel.

29. The classes identified above are collectively referred to as the "Classes" and the periods of time applicable to the Classes are collectively referred to as the "Class Periods."

30. Specifically excluded from these classes are Murphy; the officers, directors, or employees of Murphy; any entity in which Murphy has a controlling interest; and any affiliate, legal representative, heir, or assignee of Murphy. Also excluded from these classes are any federal, state,

or local governmental entities, any judicial officer presiding over this action and the members of his or her immediate family and judicial staff, and any juror assigned to this action.

31. Class Identity: The Classes are readily identifiable and are ones for which records should exist.

32. Numerosity: Plaintiffs do not know the exact number of class members because such information presently is in the exclusive control of Murphy. Plaintiff believes that there are thousands of class members geographically dispersed throughout the United States, such that joinder of all class members is impracticable.

33. Typicality: Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff purchased premium motor fuel from Murphy, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the Classes and the relief sought is common to the Classes.

34. Common Questions Predominate: There are common questions of law and fact specific to the Classes that predominate over any questions affecting individual members, including:

- Whether the single-nozzle fuel dispensing systems installed at Murphy gas stations initially delivered a residual amount of the type fuel selected by the prior customer; and

- Whether Murphy has been unjustly enriched by retaining the benefit of charging Plaintiff and members of the Classes a premium price for a residual amount of lower-grade fuel.

35. Adequacy: Plaintiff will fairly and adequately protect the interests of the Classes in that Plaintiff's interests are aligned with, and not antagonistic to, those of the other members of the Classes who purchased premium motor fuel from Murphy and Plaintiff has retained counsel

competent and experienced in the prosecution of consumer class actions to represent himself and the Classes.

36. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all damaged members of the Classes is impractical. Prosecution as a class action will eliminate the possibility of duplicative litigation. The relatively small damages suffered by individual members of the Classes compared to the expense and burden of individual prosecution of the claims asserted in this litigation means that, absent a class action, it would not be feasible for members of the Classes to seek redress for the violations of law herein alleged. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, a class action presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale, and comprehensive supervision by a single court.

37. The prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications.

## COUNT ONE
## BREACH OF EXPRESS OR IMPLIED-IN-FACT CONTRACT

38. Plaintiff realleges and incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 37 above.

39. Plaintiff and members of the Classes agreed to pay Murphy the offered price per gallon for premium motor fuel in exchange for receiving premium motor fuel.

40. Plaintiff and members of the Classes paid the offered price per gallon for premium motor fuel using their debit or credit cards.

41. Murphy breached this express or implied-in-fact contract with Plaintiff and members of the Classes by failing to deliver the full amount of premium motor fuel for which Plaintiff and members of the Classes paid Murphy.

42. As a result of Murphy's breach, Plaintiff and members of the Classes were damaged and seek restitutionary damages plus pre and post judgment interest in an amount to be determined at trial.

## COUNT TWO
## IMPLIED-IN-LAW/UNJUST ENRICHMENT

43. Plaintiff realleges and incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 42 above.

44. Plaintiff and members of the Classes conferred a benefit upon Murphy by paying a premium price for regular motor fuel or mid-grade motor fuel for the residual amount of fuel left in the pump from the prior customer.

45. Murphy knowingly accepted and retained the benefit conferred upon it by Plaintiff and members of the Classes.

46. It is inequitable for Murphy to retain the benefits conferred upon it by Plaintiff and members of the Classes.

47. Murphy has been unjustly enriched at the expense of Plaintiff and members of the Classes and must disgorge the difference between the price of the premium motor fuel charged and the concurrent price of the lower grade motor fuel delivered to Plaintiff and members of the Classes.

48. Plaintiff and the Classes seek unjust enrichment damages plus pre and post judgment interest in an amount to be determined at trial.

## COUNT THREE
## MONEY HAD AND RECEIVED

49. Plaintiff realleges and incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 48 above.

50. Murphy's retention of the difference between the price of the premium motor fuel charged and the concurrent price of the lower grade motor fuel delivered to Plaintiff and members of the Classes is unjust and in bad faith.

51. Murphy is indebted to Plaintiff and members of the Classes for money had and received by Murphy from Plaintiff and members of the Classes when they paid for but did not receive premium motor fuel at Murphy gas stations.

52. In equity and good conscience, the difference between the price of the premium motor fuel charged and the concurrent price of the lower grade motor fuel delivered to Plaintiff and members of the Classes should be returned to Plaintiff and members of the Classes. Plaintiff and the Classes seek pre and post judgment interest.

## COUNT FOUR
## DECLARATORY RELIEF UNDER 28 U.S.C. § 2201

53. Plaintiff realleges and incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 52 above.

54. An actual and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists among Plaintiffs and members of the Classes on the one hand, and Murphy on the other hand.

55. Plaintiff and members of the Classes are entitled to a judgment declaring that Murphy has no lawful right to retain the difference between the price of the premium motor fuel charged and the concurrent price of the lower grade motor fuel for the residual amount of fuel left in the pump from a prior customer that pumped lower grade motor fuel. A reasonable analysis of

17

Case 2:23-cv-00036   Document 1   Filed 06/16/23   Page 17 of 19 PageID #: 17

the facts will reveal that a declaratory judgment decision will be useful and fair and favors the exercise of this court's jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Classes pray the Court for judgment against Murphy in an amount to be determined at trial, for:

- A. restitutionary damages;
- B. permanent injunctive relief;
- C. declaratory relief;
- D. reasonable and/or statutory attorneys' fees;
- E. costs of suit;
- F. prejudgment and post judgment interest thereon, and
- G. such other and further relief as the Court deems just, appropriate and equitable.

DATED:  June 16, 2023          By: */s/ Gordon Ball*
                                   Gordon Ball
                                   gball@gordonball.com

                                   Jonathan Tanner Ball (TN Bar No. 037011)
                                   (*pro hac vice forthcoming*)

                                   GORDON BALL, PLLC
                                   3728 West End Avenue
                                   Nashville, Tennessee 37205
                                   Tel: (865) 525-7028


                               By: */s/ Thomas Bienert, Jr.*
                                   Thomas Bienert, Jr.
                                   tbienert@bklwlaw.com

                                   Daniel Goldman (*pro hac vice forthcoming*)
                                   dgoldman@bklwlaw.com

                                   BIENERT KATZMAN LITTRELL
                                   WILLIAMS LLP
                                   903 Calle Amanecer, Suite 350
                                   San Clemente, CA 92673
                                   Tel: (949) 369-3700

                                   Times Wang (*pro hac vice forthcoming*)
                                   NORTH RIVER LAW PLLC
                                   1300 I Street NW, Suite 400E
                                   Washington, DC 20005
                                   202-838-6489
                                   twang@northriverlaw.com

                                   Bryan E. Delius
                                   DELIUS & MCKENZIE, PLLC
                                   124 Court Avenue
                                   Sevierville, TN 37862
                                   865-643-8913
                                   bdelius@deliusmckenzie.com